**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.     LAVITA SPALDING, | ) | |
| | ) | |
|         Plaintiff, | ) | |
| v. | ) | CIV-16- 858-F |
| | ) | |
| 1.     DNC TRAVEL HOSPITALITY SVCS, d/b/a DELAWARE NORTH COMPANIES TRAVEL HOSPITALITY SERVICES, INC. | ) ) ) ) | |
| | ) | ATTORNEY LIEN CLAIMED |
|         Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, Lavita Spalding, and for her Complaint in the above-entitled action, alleges and states as follows:

### PARTIES

1. Plaintiff, Lavita Spalding, is an African-American adult female resident of Oklahoma County, Oklahoma.

2. The Defendant is DNC Travel Hospitality SVCS, d/b/a Delaware North Companies Travel and Hospitality Services, Inc., an entity doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981.

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

5. All of the actions complained of herein occurred in Oklahoma County, Oklahoma. Defendant is doing business in such county and may be served in said county. Oklahoma County is located in the Western District of Oklahoma. Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6. Plaintiff has exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 21, 2015. Plaintiff received her Dismissal and Notice of Rights letter from the EEOC dated May 4, 2016 (received by Plaintiff by mail thereafter) and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

## STATEMENT OF FACTS

7. Defendant is a food, venue, and hospitality management company contracted with Will Rogers World Airport to manage the operation of the restaurants and bars in the airport.

8. Spalding began working for Defendant in or around November 2011 as a server in the 1907 Bar at Will Rogers World Airport. Thereafter, she worked as a bartender and a server.

9. For the majority of her employment, Spalding was the only Black individual working for Defendant in the 1907 Bar. Her job performance was at least satisfactory, if not

excellent.

10. In or around December 2014, Kim McLemore (who is White) became Department Manager of the 1907 Bar. From the outset of her arrival, McLemore treated Spalding differently than similarly-situated non-Black employees. For instance, McLemore did not engage in conversation with Spalding as she did with the other White employees. McLemore also watched Spalding more closely than other employees. McLemore followed Spalding to the bathroom, but did not follow other employees.

11. McLemore's disparate treatment of Spalding was noted by other employees who asked what Spalding had done to McLemore that caused her to watch Spalding so closely. However, Spalding had done nothing to warrant this treatment.

12. On or about January 6, 2015, Spalding complained to General Manager Michael Moses (who is White) regarding McLemore's negative treatment of her, including that McLemore's attitude may be due to a racial bias. Moses told Spalding that he did not handle these types of complaints. Therefore, Spalding met with Human Resources Generalist Brandi Benson about McLemore's conduct, telling Benson the same.

13. Two days later, on or about January 8, 2015, Spalding was disciplined for using her cell phone at work. However, other employees used their phones and were not disciplined. Plaintiff was using her phone to check flight schedules, which employees commonly did to find out when customers may be exiting flights and entering the bar.

14. On or about January 20, 2015, Spalding met with Benson and McLemore to

discuss Spalding's complaint. Spalding told McLemore that she treated Spalding less favorably than her co-workers (who were all White). McLemore denied treating Spalding differently due to her race and indicated she did not realize she was treating Spalding differently. During the same meeting, McLemore issued Spalding a write-up for absences, although Spalding provided a doctor's note for such absences. However, similarly-situated non-Black individuals were not subject to equal discipline for this reason.

15. McLemore continued to issue unwarranted discipline to Spalding in or around February and March 2015 for alleged attendance and performance issues for which other non-Black employees were not disciplined or received lesser discipline.

16. McLemore further reduced Spalding's work hours, resulting in a reduction in pay. Upon information and belief, McLemore issued such discipline in a effort to terminate or force Spalding out of her job.

17. In or around March 2015, Spalding again attempted to speak with Moses regarding the disparate treatment she received based on race. Moses told Spalding he did not handle such complaints and referred Spalding to Benson.

18. On or about March 30, 2015, Moses placed Spalding on a ninety (90) day probation, allegedly due to her being disciplined for absences and use of her cell phone. However, most of Spalding's absences were due to illness, and Spalding provided a doctor's note for such absences (although her White co-workers were not required to do so). One of the absences was due to bad weather, and other co-workers who missed the day for similar

reasons were not disciplined. Moses further alleged that two (2) other employees (who were White) were disciplined for attendance, however, such employees were on probation only forty-five (45) days.

19. In or around April 2015, the 1907 Bar was closed for remodeling. Spalding was transferred to work at the Route 66 Grill in Will Rogers World Airport. Spalding continued to report to McLemore and further reported to Route 66 Grill Manager Robert Koscho (who is White). Koscho made the schedules for employees at the Route 66 Grill.

20. On or about June 8, 2015, Spalding was suspended by Benson. She was told the reason for her suspension was that she took vacation leave without approval. However, Spalding cleared her vacation request with Koscho via text message. And, thereafter, Koscho signed off on Spalding's vacation request form. Spalding also told Benson prior to her vacation leave that she was submitting the request. Benson told Spalding an investigation would be conducted and she would be notified of the result.

21. On or about June 15, 2015, Spalding was informed of her termination by Benson and Moses, who alleged that Spalding forged Koscho's signature on her vacation request form. However, such reason was false and merely pretext for race discrimination and retaliation for her complaints of the same.

22. As a direct and proximate result of Defendant's actions, Plaintiff has suffered the injuries described hereafter.

## **COUNT I - Race Discrimination**

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

23. The acts described above constitute violations of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1981.

24. Plaintiff is entitled to relief under Title VII because she is Black, was qualified for her job, suffered adverse employment actions, including termination, and her position was not eliminated after her termination.

25. Plaintiff is further entitled to relief under Title VII because she engaged in a protected activity by lodging complaints of race discrimination, she suffered an adverse action, and, as shown above, there is a causal link between the protected activity and the adverse action.

26. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

27. Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory, punitive damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 27th DAY OF JULY, 2016.**

        s/Jana B. Leonard
        JANA B. LEONARD, OBA# 17844
        LAUREN W. JOHNSTON, OBA # 22341
        LEONARD & ASSOCIATES, P.L.L.C.
        8265 S. WALKER
        OKLAHOMA CITY, OK 73139
        (405) 239-3800     (telephone)
        (405) 239-3801     (facsimile)
        leonardjb@leonardlaw.net
        johnstonlw@leonardlaw.net

        JURY TRIAL DEMANDED
        ATTORNEY LIEN CLAIMED